UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : **CRIMINAL NO.** |
| **v.** | : |
| | : |
| **EVGENY VIKTOROVICH GLADKIKH,** | : **FILED UNDER SEAL** |
| | : |
| **Defendant.** | : |

## GOVERNMENT'S MOTION AND SUPPORTING MEMORANDUM
## TO SEAL THE INDICTMENT, BENCH WARRANT, AND RELATED PAPERWORK

Pursuant to Federal Rule of Criminal Procedure 6(e)(4), the United States, by and through its attorney, the Acting United States Attorney for the District of Columbia, hereby respectfully submits this motion for limited sealing of the accompanying Indictment, bench warrant, as well as all other pleadings, warrants, records, and files in this case, including the instant motion to seal and any order on the motion, and to delay entry on the public docket of this motion to seal and all related matters. Specifically, the government requests a sealing order with an exception that will permit the government to disclose the existence of the Indictment, bench warrant, as well as other records and files in this case, to the extent that is necessary to effectuate the Defendant's arrest or extradition, and for the limited purpose of the United States Attorney's Office and the Department of Justice disclosing the existence of and transmitting the Indictment and arrest warrant to representatives from other U.S. federal departments and agencies, foreign authorities, the International Criminal Police Organization (INTERPOL), the European Union Agency for Law Enforcement Cooperation (EUROPOL), and foreign and domestic victims, for purposes of: requesting and effectuating provisional arrest warrants; requests made under Mutual Legal Assistance Treaties; extradition; coordinating international and federal government law

1

enforcement and national security activity prior to unsealing of the Indictment; coordinating victim and other remediation activities; and to provide information about the Indictment to victims. In support of this motion, the government states as follows:

1. The Indictment charges the Defendant with Conspiracy To Cause Damage to an Energy Facility, in violation of 18 U.S.C. § 1366(a); Attempt To Cause Damage to an Energy Facility, in violation of 18 U.S.C. § 1366(a); and Conspiracy To Access Protected Computers and Obtain Information and To Intentionally Damage Protected Computers by Knowing Transmission, in violation of 18 U.S.C. §§ 371 and 1030(a)(2)(C), (a)(5)(C), (c)(2)(B)(ii), and (c)(4)(B). The indictment arises from criminal activity affecting a number of entities and putative victims in the United States and abroad. The Defendant is a citizen and resident of the Russian Federation.

2. The Indictment was filed under seal, and arrest warrants were duly issued on June 29, 2021.

3. An Indictment may be sealed pursuant to Rule 6(e)(4) for any legitimate prosecutorial reason, including, as recognized by the Rule itself, to take the defendant into custody and bring him or her before the court. See United States v. Michael, 180 F.2d 55, 57 (3d Cir. 1949); see also United States v. Sharpe, 995 F.2d 49 (5th Cir. 1993); United States v. Southland Corp., 760 F.2d 1366, 1379-80 (2d Cir. 1985); United States v. Lyles, 593 F.2d 182 (2d Cir. 1979).

4. Once the bench warrant issues, law enforcement will begin to investigate ways in which to secure the arrests of the Defendant. Upon information and belief, the Defendant is currently living in the Russian Federation. It will be necessary to obtain the cooperation of Executive Branch and law enforcement officials in this country and others to successfully secure custody of the Defendant for presentation on the instant charges here in the United States. The

public disclosure of this Indictment at this time could jeopardize future plans to secure the Defendant's arrest, because such disclosure could result in alerting other individuals and countries to the Defendant's criminal liability in the United States. Concern for the need to apprehend the defendants constitutes a legitimate prosecutorial reason, and thus an appropriate basis, for an Order sealing the Indictment, bench warrant, as well as all other pleadings, warrants, records, and files in this case.

5. In addition, the government anticipates that sealing for a limited duration will be necessary to facilitate coordination within the Department of Justice, with other U.S. federal departments and agencies, and with appropriate foreign authorities, for the purpose of coordinating international and federal government law enforcement and national security activity prior to unsealing of the Indictment. Such sealing will also be necessary to coordinate with victims and other affected entities in the United States and abroad.

6. Accordingly, the United States submits that under Washington Post v. Robinson, 935 F. 2d 282, 289 n.10 (D.C. Cir. 1991), these facts present an extraordinary situation and a compelling governmental interest which justify the sealing of the Indictment, bench warrant, as well as all other pleadings, warrants, records, and files in this case, and delaying entry of these documents on the public docket, until such time as the defendant is arrested or until further order of the Court. We request that the Court so order.

7. In addition, the government requests that the Sealing Order permit disclosure of the Indictment, bench warrant, as well as all other pleadings, warrants, records, and files in this case, to representatives from other U.S. federal departments and agencies, foreign authorities, the International Criminal Police Organization (INTERPOL), the European Union Agency for Law

Enforcement Cooperation (EUROPOL), and foreign and domestic victims, for purposes of: requesting and effectuating provisional arrest warrants; requests made under Mutual Legal Assistance Treaties; extradition; coordinating international and federal government law enforcement and national security activity prior to unsealing of the Indictment; coordinating victim and other remediation activities; and to provide information about the Indictment to victims.

WHEREFORE, for all the foregoing reasons, the United States of America respectfully requests that the Court issue an Order sealing (except to the limited extent specified herein) the Indictment, bench warrant, as well as all other pleadings, warrants, records, and files in this case, including this Motion and the Court's sealing Order, until further order of this Court. A proposed Order is submitted herewith.

        Respectfully submitted,

        CHANNING D. PHILLIPS
        ACTING UNITED STATES ATTORNEY
        D.C. Bar Number 415793

By: */s/ Christopher B. Brown*
    Christopher B. Brown
    Assistant United States Attorney
    D.C. Bar Number 1008763
    United States Attorney's Office
    555 Fourth Street, N.W.
    Washington, D.C. 20530
    Telephone: 202-252-7153
    Email: Christopher.Brown6@usdoj.gov